UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK,

             - against -                      **MEMORANDUM & ORDER**
                                                      20-CR-208 (PKC)

BRUCE DICKERSON,

                    Defendant.
---------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      On May 28, 2020, Defendant Bruce Dickerson, also known as Tahir Salaam Bey, proceeding *pro se*, filed a Notice of Removal ("Notice") seeking to have his state criminal proceedings removed to this Court. (Notice of Removal, Dkt. 1.) This Court has examined the Notice as required by 28 U.S.C. § 1455(b)(4). For the reasons set forth herein, the Court *sua sponte* determines that removal is inappropriate and respectfully directs the Clerk of Court to remand this action back to the Kings County Criminal Court.

## BACKGROUND

      On May 28, 2020, Defendant filed a Notice of Removal to remove the state criminal proceedings to this Court. (Notice of Removal, Dkt. 1.) Defendant essentially argues that the Kings County Criminal Court lacks personal jurisdiction over him because he is not a United States Citizen or a resident of the State of New York. (*Id.* at ECF[1] 3–5.) Defendant identifies as "[a] free Moorish American national and citizen of a free national government of [M]orocco." (*Id.* at ECF 6.)

      Included with Defendant's Notice of Removal is an April 25, 2020 affidavit sworn by Officer Kelly and filed with the Criminal Court of the City of New York, County of Kings. (*Id.* at

---

[1] "ECF" refers to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

ECF 7–8.)  The affidavit notes that Defendant has been charged with criminal possession of a weapon in the second degree; criminal possession of a firearm; failure to obey a traffic control signal; failure to have proof of financial security; criminal possession of a weapon in the fourth degree; reckless driving; possession of pistol ammunition; and being an unlicensed motor vehicle operator.  (*Id.* at ECF 7.)  Also attached as exhibits to the Notice of Removal are a grand jury notification from the Kings County District Attorney's Office (*id.* at ECF 9–10), and a notification from the same office disclosing that, at the time of Defendant's arrest, he stated to Officer Kelly, "I have a gun in my backpack," "I bought the gun off the street, I have not shot the gun, [and] I was arrested in the past for a gun that wasn't mine" (*id.* at ECF 11).

## DISCUSSION

Defendant seeks to remove the pending state criminal proceeding against him to federal court.  (Notice of Removal, Dkt. 1.)  The Court *sua sponte* considers that request and denies it.  *See* 28 U.S.C. 1455(4) ("The United States district court in which such notice is filed shall examine the notice promptly.  If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.").

"An effective petition for the removal of a state action to federal court must allege a proper basis for the removal under sections 1441 through 1445 of Title 28." *Negron v. People of New York*, No. 02-CV-1688, 2002 WL 1268001, at *1 (E.D.N.Y. Apr. 1, 2002).  Title 28, United States Code, Section 1443 permits a state criminal prosecution to be removed by the defendant to the federal court in the district in which the state case is pending, where the prosecution is:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; [or]
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

18 U.S.C. § 1443.  Here, the state court prosecution that Defendant seeks to remove does not qualify for removal under either Section 1443(1) or (2).

**I.    Section 1443(1)**

A removal petition brought under § 1443(1) "must satisfy a two-pronged test." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).  "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality."  *Id.* (internal quotation marks and citation omitted); *see also Suffolk Cty. Dep't of Soc. Servs. v. Clarke*, ___ F. App'x ___, 2020 WL 2892564, at *1 (2d Cir. 2020) (summary order) ("[T]he Supreme Court has held that [§ 1443(1)] applies only to removals based on claims of racial discrimination."); *New York v. Smith*, No. 09-CV-2221 (DRH) (ARL), 2011 WL 2470065, at *2 (E.D.N.Y. June 17, 2011) ("Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966))).  "Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson*, 421 U.S. at 219 (internal quotation marks, citation, and alteration omitted).  "This provision normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." *Id*.

Defendant's removal complaint does not meet the first prong under § 1443(1).  Defendant's alleged bases of removal are predicated on his assertion that he is not a citizen of the United States nor a resident of the State of New York. (Notice of Removal, Dkt. 1, at ECF 4–5.)  Defendant's Notice of Removal indicates that he is part of the "Moorish Nation of Northwest Amexem/ North

3

America," part of the "Moorish Divine and National Movement," and is "Aboriginal and Indigenous" (*id.* at ECF 1), and that therefore, he cannot be subject to the jurisdiction of the state court. However, Defendant's claim of sovereign citizenship is not a right "that arises under a federal law providing for specific civil rights stated in terms of racial equality."[2] *Johnson*, 421 U.S. at 219. Nor does Defendant assert that this case is about protection from racial discrimination.[3]

To the extent that Defendant is asserting a Second Amendment right to bear arms as the basis for removal under § 1443(1) (*see* Notice of Removal, Dkt. 1, at ECF 3 (defending his allegedly criminal conduct by asserting that "[e]xercising [his] [Second] [A]mendment right is not a crime . . . [and] converting rights into crimes is unlawful")), Defendant does not satisfy the second prong under § 1443(1), because he makes no allegation that he cannot enforce his constitutional right in state court.

**II.  Section 1443(2)**

Pursuant to § 1443(2), a petitioner may remove a case when "he is sued for either (1) carrying out an act under color of authority derived from a law providing for equal rights (the 'color of authority clause'), or (2) refusing to act because the requested action was inconsistent with such a law (the 'refusal to act clause')." *Sea Gate Assoc. v. Krichevsky*, No. 18-CV-3408

---

[2] Defendant also appears to set forth these representations to explain why he has adopted the name Tahir Salaam Bey and refutes the name Bruce Dickerson, the name he is charged under in the state court prosecution.

[3] The language of the Complaint and Notice of Removal suggests that Defendant considers himself a "sovereign citizen," or a part of a "loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *See United State v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013) (summary order). Adherents of the sovereign citizen movement "believe that they are not subject to government authority and employ various tactics in an attempt to . . . derail criminal proceedings." *Tyson v. Clifford*, 18-CV-1600 (JCH), 2019 WL 6727538, at *3 (D. Conn. Dec. 21, 2018) (citation omitted).

(KAM) (SMG), 2019 WL 8587287, at *8 (E.D.N.Y. June 21, 2019).  Neither clause applies to Defendant.  The first clause applies to "a private person" who "invoke[s] the color of authority clause by 'pointing to some law that directs or encourages him to act in a certain manner.'"  *Id.* (alterations omitted) (quoting *New York v. Galamison*, 342 F.2d 255, 264 (2d Cir. 1965)).  The second clause is only available to "state officers, and those acting with or for them including local and municipal officers."  *Id.* (quoting *White v. Wellington*, 627 F.2d 582, 585 (2d Cir. 1980)).  Defendant does not assert any facts that would make either clause applicable in this matter.

\* \* \*

Accordingly, because Defendant cannot satisfy either provision of 28 U.S.C. § 1443, Defendant's motion to remove his state court criminal proceedings to federal court is denied.

## CONCLUSION

For the reasons contained herein, the Notice of Removal is denied and the action, State Docket # K20614930, is hereby remanded to the Kings County Criminal Court.  28 U.S.C. § 1455(b)(4).  The Clerk of Court is respectfully directed to immediately send a certified copy of this Order to the Clerk of the Criminal Court of the City of New York, Kings County, note service on the docket, and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 16, 2020
      Brooklyn, New York

5